Case3:14-cv-04339-MMC   Document15   Filed12/17/14   Page1 of 5

Entered on Docket
January 06, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

PACIFIC THOMAS CORPORATION, dba THOMAS CAPITAL, dba SAFE STORAGE,

Debtor
_____/

No. C-14-4339 MMC

Bankruptcy Case No. 14-54232 MEH

**ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT**

Before the Court is appellee Kyle Everett's (hereinafter, "the Trustee") Motion to Dismiss Appeal as Moot, filed November 14, 2014. Appellant Jill Worsley ("Worsley") has filed opposition, to which the Trustee has replied. Having read and considered the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for December 19, 2014, and rules as follows.

## BACKGROUND

By the instant appeal, Worsley challenges two orders issued by the Bankruptcy Court on August 18, 2014 in the above-titled Chapter 11 bankruptcy proceeding instituted by debtor Pacific Thomas Corporation.

In the first of the two orders, titled Order Granting Motion for Sale of Property (hereinafter, "Sale Order"), the Bankruptcy Court granted the Trustee's motion for an order approving the sale of the estate's "self-storage facility and associated adjacent driveways

and parking parcels" (hereinafter, "the Self-Storage Facility") for $12,950,000, pursuant to the terms of a purchase agreement.  (See Everett Decl., filed November 14, 2014, Ex. A.) In said order, the Bankruptcy Court found the buyer, Comcore, Inc. ("Comcore"), was a "good faith purchaser" and that the negotiations between the Trustee and Comcore were at "arm's length."  (See id. Ex. A at 4:28-5:4.)

In the second of the two orders, titled Order Authorizing the Abandonment of the Estate's Interest in Certain Property of the Estate (hereinafter, "Abandonment Order"), the Bankruptcy Court granted the Trustee's motion for permission to abandon the estate's interests in "commercial buildings and improvements known as Tuffy and Morse" (hereinafter, "the Commercial Buildings"); the Bankruptcy Court ordered such abandonment to occur thirty days after the close of the sale of the Self-Storage Facility, finding the Commercial Buildings were "of inconsequential value and benefit to the [e]state."  (See id. Ex. B at 2:6-10.)  In said order, the Bankruptcy Court also provided that the order was "without prejudice to the rights of any party holding a lien against the Commercial Buildings from seeking relief from stay or other appropriate relief."  (See id. at 2:13-14.)

**DISCUSSION**

By the instant motion, the Trustee argues the appeal should be dismissed as moot.

**A.  Sale Order**

The Trustee argues that, to the extent the instant appeal challenges the Sale Order, the appeal is moot in light of the sale of the Self-Storage Facility to Comcore having closed.

Under the "absolute mootness rule," where an appellant does not obtain a stay of an order approving a sale to a good faith purchaser, the appeal is moot when the sale closes. See Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.), 163 F.3d 570, 576-77 (9th Cir. 1998) (affirming as moot dismissal of appeal from order approving sale, where appellant did not obtain stay of order prior to sale closing and where bankruptcy court's finding that buyer was "purchaser in good faith" was "not clearly erroneous");

Palladino v. E & B Natural Resources Management Corp. (In re South Coast Oil Corp.), 566 Fed. Appx. 594, 595 (9th Cir. 2014) (same).

Here, the Trustee contends, and a review of the docket confirms, neither Worsley nor any other party sought, let alone obtained, a stay of the Sale Order. Further, as noted, the Bankruptcy Court found Comcore was a good faith purchaser; no party argued to the contrary before the Bankruptcy Court,[1] and Worsley has not argued in her opposition to the instant motion that the Bankruptcy Court's finding was clearly erroneous. Finally, the Trustee has offered evidence showing the sale to Comcore closed on October 31, 2014. (See Everett Decl. ¶ 14.)

Worsley argues her appeal as to the Sale Order nonetheless is not moot for two reasons. As discussed below, the Court finds neither reason persuasive.

First, in an apparent attempt to create a triable issue as to whether the sale in fact closed on October 31, 2014, Worsley contends that, on November 10, 2014, the Trustee advised the Bankruptcy Court that the sale was not final. In support thereof, Worsley relies on a declaration filed by the Trustee on November 10, 2014, in connection with the Trustee's motion for an order requiring Randall Whitney ("Whitney") to remove four lis pendens, on the ground said recordations constituted a violation of the automatic stay. (See Appellant's Req. for Judicial Notice, filed November 28, 2014.)[2] Contrary to Worsley's argument, however, the subject declaration did not state the sale was at that time pending, and, indeed, expressly stated that "[n]otwithstanding the issuance of the [l]is [p]endens, the sale of the [debtor's] storage facility contemplated in this Court's August 18, 2014 sale approval order closed on October 31, 2014." (See id. Ex. 1 ¶ 11.) In short, the Trustee's

---

[1] The Court takes judicial notice of the oppositions to the Trustee's motion for approval of the proposed sale to Comcore. See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that [a court] may take judicial notice of judicial proceedings in other courts."). As set forth therein, the opposing parties' objections to the proposed sale were for reasons other than Comcore's status as a good faith purchaser. (See Docs. 600, 602, 607, 609.)

[2] Worsley's unopposed request for judicial notice of said declaration is hereby GRANTED. See Rosales-Martinez, 753 F.3d at 894.

3

representations to this Court and to the Bankruptcy Court as to the status of the sale have been entirely consistent.

Second, Worsley contends Comcore may seek to rescind the sale if Whitney, in the course of a proceeding pending in state court, establishes that the Certificates of Compliance issued by the City of Oakland pertaining to the property sold to Comcore are not accurate.[3]  Worsley cites no case, however, and the Court has located none, providing that the absolute mootness rule is inapplicable if there exists a possibility the seller may seek to rescind a completed sale.[4]  The lack of such authority is not surprising; in the event of a buyer's successful rescission of a closed sale, thus returning title of the property to the bankruptcy estate, the estate would then need to seek court approval of any new proposal to sell the property, and any affected party could challenge any such motion and ruling thereon.

According, to the extent the appeal challenges the Sale Order, the appeal is moot.

**B. Abandonment Order**

The Trustee argues that, to the extent the instant appeal challenges the Abandonment Order, the appeal is moot, in light of the Commercial Buildings' having been sold on October 15, 2014 at a foreclosure sale.

As discussed above, the Bankruptcy Court approved the Trustee's motion for permission to abandon the estate's interests in the Commercial Buildings.  Before the Trustee had the opportunity to abandon such interests, however, lienholder Private Mortgage Fund LLC sought and obtained from the Bankruptcy Court permission to foreclose upon the Commercial Buildings.  (See Whitney Decl., filed November 28, 2014,

---

[3] On October 21, 2014, Whitney filed in state court a Petition for Alternative Writ of Administrative Mandamus, by which he seeks a finding that the Certificates of Compliance obtained are "defective" (see id. Ex. 5 ¶ 8), and an order directing the City of Oakland to "set aside and revoke" them (see id. Ex. 5 at 4:14-15).

[4] In support of its reply, the Trustee offers a declaration from the buyer's assignee, in which the assignee states it will not seek to rescind the sale if the Certificates of Compliance are found by the state court to be invalid.  (See McGrath Decl., filed December 5, 2014, ¶ ¶ 2, 7.)  In light of the Court's findings set forth herein, the Court need not determine the legal effect, if any, of the assignee's statement.

4

Ex. C.)  The Commercial Buildings were subsequently sold at a foreclosure sale, conducted October 15, 2014, as reflected in the Trustee's Deed Upon Sale recorded with Alameda County on October 22, 2014 (see id. Ex. D).  Consequently, as the Trustee observes, and Worsley has not disputed in her opposition,[5] the bankruptcy estate, as of October 15, 2014, no longer held any interest in the Commercial Buildings, rendering the relief provided to the Trustee in the Abandonment Order moot.

Accordingly, to the extent the appeal challenges the Abandonment Order, the appeal is moot.

## CONCLUSION

For the reasons stated above, the motion to dismiss is hereby GRANTED, and the appeal is hereby DISMISSED as moot.

**IT IS SO ORDERED.**

Dated:  December 17, 2014

MAXINE M. CHESNEY
United States District Judge

---

[5] Worsley's opposition to the motion to dismiss argues only that the appeal from the Sale Order is not moot.

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JILL WORSLEY,

        Plaintiff,

  v.

PACIFIC THOMAS CORP et al,

        Defendant.

Case Number: CV14-04339 MMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 17, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jill V. Worsley
30 Creek Tree Lane
Alamo, CA   94507-1916


Dated: December 17, 2014

        Richard W. Wieking, Clerk

        *Tracy Lucero*

        By: Tracy Lucero, Deputy Clerk